State of NEBRASKA, et al., Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.

No. 03–1132.

United States Court of Appeals, District of Columbia Circuit.

March 8, 2004.

Jodi M. Fenner, Jon Cumberland Bruning, Attorney General's Office of State of Nebraska, Lincoln, NE, Leo P. Dobrovolny, Jr., Dobrovolny Law Office, Alliance, NE, for Petitioner.

J. Steven Rogers, U.S. Department of Justice, Washington, DC, for Respondent.

Before GINSBURG, Chief Judge, and HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the agency and on the briefs of the parties. It is

ORDERED AND ADJUDGED that Nebraska's petition for review of the Minor Clarification Rule is denied. The EPA's decision to clarify the technical expression of the arsenic Maximum Contaminant Level (MCL) by adding an extra zero to the technical expression of the MCL as measured in mg/L does not alter the substance of the 10 parts per billion MCL established in the Final Arsenic Rule. The

EPA from the outset interpreted the Final Arsenic Rule as promulgating an MCL of 10 ppb, which is also expressible as 10 Fg/L and as 0.01 mg/L. *See, e.g., National Primary Drinking Water Regulations; Arsenic and Clarifications to Compliance and New Source Contaminants Monitoring,* 66 Fed.Reg. 6,976 at 6,981 (2001) ("the enforceable MCL is 0.01 mg/L, which is the same as 10 micrograms per liter (Fg/L) or 10 parts per billion (ppb)"), 7020 ("EPA is today promulgating a final arsenic MCL of 10 Fg/L"). We defer to the EPA's interpretation of its own regulations unless that interpretation is "plainly erroneous" or "inconsistent with the regulation," *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), which the interpretation in this case is not.

Nebraska's argument that the Minor Clarification Rule established a new MCL for arsenic is based upon the EPA's reference in the Final Arsenic Rule to a 1981 guidance document regarding the rounding of reported contaminant levels, which states that reported levels "should be in a form containing the same number of significant digits as the MCL." *Id.* Notwithstanding the 1981 guidance, however, by the plain terms of the Final Arsenic Rule arsenic results must be "reported to the nearest 0.001 mg/L." 40 C.F.R. § 141.23(i)(4); *see also* 66 Fed. Reg. at 7,034/1. The Rule could hardly be more clear, considering that an example offered in the Rule states, "an analytical result for arsenic of 0.0105 mg/L would round off to 0.011 mg/L, while a result of 0.0104 mg/L would round off to 0.010 mg/L." 66 Fed. Reg. at 7.034/1. Therefore, the EPA's reference to its 1981 guidance document does not demonstrate the EPA promulgated a new arsenic MCL in the Minor Clarification Rule.

Assuming Nebraska did not waive its argument regarding the Unfunded Man-dates Reform Act and the Regulatory Flexibility Act, because the Minor Clarification Rule did not alter the MCL established in the Final Arsenic Rule, the EPA was not obliged to provide additional analyses pursuant to either Act. The agency had already performed those analyses for the 10 ppb MCL and had already included them in the Final Arsenic Rule.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.